IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL YVETTE JERNIGAN, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:22-cv-02580-N-BT |
| CHARLES B. McMILLAN, et al., | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is *pro se* Plaintiff Cheryl Jernigan's motion for an ex parte temporary restraining order (TRO) and preliminary injunction (ECF No. 14). Specifically, Plaintiff seeks to enjoin Defendant Charles McMillan, a rival YouTube influencer, from encouraging his followers to "unsubscribe from [Plaintiff]," and from otherwise "cyber bullying, harass[ing], and stalking" Plaintiff. *See* Mot. Ex 1 (Affidavit). For the reasons stated, the Court should deny the request for ex parte relief and carry the request for a preliminary injunction until Plaintiff has effectuated service of process on Defendants and briefing on Plaintiff's request for a preliminary injunction is complete.

Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the Court may issue an ex parte TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

    (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will

> > result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

Here, Plaintiff's motion does not satisfy either of Rule 65(b)(1)'s requirements for ex parte relief. Although Plaintiff submitted an affidavit in support of her motion, neither the affidavit nor Plaintiff's pleadings "clearly shows that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." Additionally, Plaintiff does not explain why the Court should not require her to notify Defendants of her request for a TRO and a preliminary injunction. To the contrary, it appears that Plaintiff may have attempted to inform Defendants of her request as the motion includes a certificate of service representing that she served the document on all parties "by a manner authorized by Federal Rules of Civil Procedure 5(b)(2)." Mot. 3. Thus, issuance of an TRO or a preliminary injunction on an ex parte basis would be improper because Plaintiff has not satisfied both of Rule 65(b)(1)'s requirements for ex parte relief.

The Court should carry Plaintiff's request for a preliminary injunction and delay ruling on the request until Plaintiff has effectuated service of process on Defendants and briefing on the request for a preliminary injunction is complete. The Court reminds Plaintiff that she is responsible for properly serving the Defendants with a summons and complaint in accordance with Federal Rule of

Civil Procedure 4. **Plaintiff may not herself serve Defendants**. *See* Fed. R. Civ. P. 4(c) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added). After serving Defendants, Plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l).

In addition to serving Defendants with a summons and her complaint, the Court orders Plaintiff to serve a copy of her motion and these Findings, Conclusions, and Recommendation on Defendants. Defendants' response to Plaintiff's motion is due the same day as their answer or other response to her complaint.

SO RECOMMENDED.

January 17, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE