IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL Y. JERNIGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2580-N-BN |
| | § | |
| CHARLES B. MCMILLAN and | § | |
| YOUTUBE, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING**
**<u>MOTION FOR SUBSTITUTED SERVICE</u>**

Plaintiff Cheryl Y. Jernigan filed a *pro se* complaint against Defendants Charles B. McMillan and YouTube, Inc. on November 16, 2022. *See* Dkt. No. 4. Jernigan's lawsuit is now referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief United States District Judge David C. Godbey.

Jernigan paid the statutory filing fee on or about December 7, 2022. And the Court cautioned Jernigan as to consequences of Federal Rule of Civil Procedure 4(m) on January 17, 2023, advising her that the deadline to properly effect service was February 14, 2023. *See* Dkt. No. 15.

Before February 14, Jernigan filed Method of Service Under Texas Rule of Civil Procedure 21A [Dkt. No. 19], explaining:

> I located and paid a Certified Process Server Company to Serve Process on both Defendant Charles B. McMillan and YouTube, Inc[.] YouTube was served and I have included proof of service as an exhibit; I have included the proof that I paid for both to be served. I have included an email from Gotcha Legal Services showing the company

> they hired did not get an answer, although it appeared someone was home; in addition, I have [en]closed a copy of one of Defendant McMillan's alleged gang members addressing possible service in his public chat. Gotcha Legal Service stated they will me sending me proof the company he paid on my behalf made four attempts and they received the same results.

*Id.* at 1-2.

And, because Jernigan had not shown that service in compliance with Rule 4 was effectuated on either defendant within 90 days of filing the complaint, the Court entered an order on March 20, 2023 "to allow Jernigan one last opportunity to show good cause to extend [the Rule 4(m)] deadline" by filing a response by April 11, 2023 "that establishes both (1) good cause for the failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate, specified period." Dkt. No. 26.

As to Defendant McMillan, Jernigan now moves the Court to authorize substituted service under Texas Rule of Civil Procedure 106, requesting that the Court authorize service on McMillan through his YouTube channel: @MrSkinnydaDon. *See* Dkt. No. 28.

> Pursuant to Federal Rule of Civil Procedure 4(e)(1), a party may be served by "following state law for serving a summons." In this case, Texas law applies and permits service by personal service or certified mail. TEX. R. CIV. P. 106(a). But Rule 106 also authorizes a court to order substituted methods of service. Only after service by one of the two methods provided in Rule 106(a) fails, may a court, upon motion supported by proper affidavit, authorize substitute service. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).
> Upon motion of the plaintiff with a sworn statement listing the location a defendant can be found, and the facts of the attempted, yet unsuccessful service, a court may authorize service "in any other manner, including electronically by social media, email, or other technology, that ... evidence shows will be reasonably effective to give the defendant notice of suit." TEX. R. CIV. P. 106(b)(2). "[S]ubstitute

> service is not authorized ... without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *2 (5th Cir. Feb. 14, 2022).

Jernigan previously provided the Court an Affidavit of Non-Service, in which a process server Jernigan hired swore before a notary public to three failed attempts to personally serve McMillan at a physical address in Chapin, South Carolina. *See* Dkt. No. 19 at 14 (testifying in part that, on the third attempt, the process server "spoke with a neighbor walking his dog," who "stated that the defendant is in and out all day but it usually home because of his You Tube channel").

And Jernigan supports the motion for substituted service with her own sworn affidavit attesting to further attempts to serve McMillan (including through registered mail and through McMillan's "personal email address") and providing that "I know that the Defendant will be on YouTube for 2-7 hours a day at 3-different times of the day" and that "he was live-steaming on [March 24, 2023] at 1:00 pm and he read and makes posts on his community walls on YouTube." Dkt. No. 28 at 4-5.

The record reflects that Jernigan has strictly complied with the requirements to authorize substituted service under Rule 106. *See* TEX. R. CIV. P. 106(b). That rule specifically contemplates service "electronically by social media." *See* TEX. R. CIV. P. 106(b)(2). And at least one federal district court in Texas has, under Rule 106, authorized service on a defendant's "social media accounts, including on … YouTube." *Indeed, Inc. v. Kahn*, No. 1:21-CV-356-RP, 2021 WL 7630529 (W.D. Tex. May 28, 2021); *see also Monolithic Power Sys. Co. v. Meraki Integrated Cir. (Shenzen) Tech.*,

*Ltd.*, No. 6:20-CV-00876-ADA, 2022 WL 1913613 at *5 (W.D. Tex. June 2, 2022) (observing that "[c]ourts are split as to whether service through social media platforms is sufficient for purposes of due process" but, "[o]n this record," concluding "that service to [a CEO's] LinkedIn profile is also a method reasonably calculated to provide notice of the suit").

The Court similarly finds, on the record here, that service on McMillan through social media – specifically his YouTube channel – is a method that appears reasonably calculated to provide notice of this suit and will therefore GRANT the motion the Motion to Substitute Service Under 106(b)(2) [Dkt. No. 28] insofar as the Court authorizes service on Defendant Charles B. McMillan through his YouTube channel/account.

But, while the Court authorizes this method of service, Jernigan herself, as a party, may not serve McMillan in this manner.

As to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting TEX. R. CIV. P. 103; emphasis added by *Blanton-Bey*).

And at least one Texas Court of Appeals has held that, although a state district court authorized an alternative method of service under Rule 106(b)(2), where, like

here, "[t]he trial court was not asked to authorize any private individual to serve process, and the trial court did not do so," service was defective where it "was performed by a person unauthorized to do so under Texas Rule of Civil Procedure 103." *Menon v. Water Splash, Inc.*, No. 14-14-00012-CV, 2018 WL 344040, at *4 (Tex. App. – Houston [14th Dist.] Jan. 9, 2018).

Jernigan must file proof of substituted service on McMillan consistent with this order by **April 11, 2023**, which also remains the deadline for Jernigan to establish good cause under Rule 4(m) to further extend the deadline to effect service on Defendant YouTube, Inc. *See* Dkt. No. 26.

SO ORDERED.

DATED: March 27, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE