IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL YVETTE JERNIGAN | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-02580-N (BN) |
| | § | |
| CHARLES B. McMILLAN, et al., | § | |
| Defendant, | § | |
| | § | |

**PLAINTIFF REQUEST FOR PARTIAL DISMISSAL WITH PREJUDICE ORDER**

TO THE HONORABLE UNITED STAETS DISTRIC JUDGE OF SAID COURT:

COMES NOW, CHERYL YVETTE JERNIGAN, PLAINTIFF IN ABOVE

STYLE AND NUMBERED CAUSE AND WOULD SHOW THE FOLLOWING.

I

**PLAINTIFF REQUEST FOR A PARTIAL DISMISSAL WITH PREJUDICE ORDER**

RULE 41. DISMISSAL OF ACTIONS

1.01 (a) Voluntary Dismissal.

(1) By the Plaintiff.

(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for

**PLAINTIFF REQUEST FOR A PARTIAL DISMISSAL WITH PREJUDICE ORDER - 1**

summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

**1.02 (d) WAIVING SERVICE.**

**(1)** *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

**(A)** be in writing and be addressed:

**(i)** to the individual defendant; or

**(ii)** for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

**1.03 IMMUNITY FROM LIABILITY ACCORDING TO U.S.C. 47 SEC. 230**

**PLAINTIFF REQUEST FOR A PARTIAL DISMISSAL WITH PREJUDICE ORDER - 2**

(a) FINDINGS

The Congress finds the following:

(1) The rapidly developing array of Internet and other interactive computer services available to individual Americans represent an extraordinary advance in the availability of educational and informational resources to our citizens.

(2) These services offer users a great degree of control over the information that they receive, as well as the potential for even greater control in the future as technology develops.

(3) The Internet and other interactive computer services offer a forum for a true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity.

(4) The Internet and other interactive computer services have flourished, to the benefit of all Americans, with a minimum of government regulation.

(5) Increasingly Americans are relying on interactive media for a variety of political, educational, cultural, and entertainment services.

(b) POLICY

It is the policy of the United States—

(1) to promote the continued development of the Internet and other interactive computer services and other interactive media;

(2) to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation;

(3) to encourage the development of technologies which maximize user control over what information is received by individuals, families, and schools who use the Internet and other

PLAINTIFF REQUEST FOR A PARTIAL DISMISSAL WITH PREJUDICE ORDER - 3

interactive computer services;

**(4)** to remove disincentives for the development and utilization of blocking and filtering technologies that empower parents to restrict their children's access to objectionable or inappropriate online material; and

**(5)** to ensure vigorous enforcement of Federal criminal laws to deter and punish trafficking in obscenity, stalking, and harassment by means of computer.

**(c)PROTECTION FOR "GOOD SAMARITAN" BLOCKING AND SCREENING OF OFFENSIVE MATERIAL**

**(1)** Treatment of publisher or speaker

No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.

**(2)CIVIL LIABILITY**

No provider or user of an interactive computer service shall be held liable on account of—

**(A)** any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or

**(B)** any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1).[1]

**(e)EFFECT ON OTHER LAWS**
**(1)NO EFFECT ON CRIMINAL LAW**
Nothing in this section shall be construed to impair the enforcement of section 223 or 231 of this

**PLAINTIFF REQUEST FOR A PARTIAL DISMISSAL WITH PREJUDICE ORDER - 4**

title, chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of title 18, or any other Federal criminal statute.

## II.

### WHEREFORE PREMISE CONSIDERED

**2.01** Plaintiff not having knowledge of the Immunity Clause "GOOD SAMARITAN PROTECTION" of USC 47 SEC 230, and the decisions made by the United States Supreme Court in the TWITTER, INC., *et al.*, vs. TAAMNEH, *et al.*, and GONZALEZ v. GOOGLE LLC, Cases in 2023, I respectfully request that the Court Rule Favorable For this Motion and Grant this Order of Partial Dismissal for MR. SUNDAR PACHAI, CEO OF GOOGLE LLC., AND YOUTUBE INC., as an interactive computer service. Plaintiff requests that each Defendant listed in this request be released from this suit; Plaintiff will proceed with the necessary actions to be taken in this case with the correct Defendants, Mr. Charles B. McMillan; Mr. Skinny TV LLC; and Mr. Skinny Da Don.

## III
### PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays respectfully that after consideration of this Motion the Honorable United States Magistrate Judge will grant me, permission for this ORDER.

*Cheryl Y. Jernigan*
Cheryl Y. Jernigan, Pro-Se
1443 Morrell Ave
Dallas, Texas 75203
(214) 557-4296
cyjernigan@gmail.com

**PLAINTIFF REQUEST FOR A PARTIAL DISMISSAL WITH PREJUDICE ORDER - 5**

Certificate of Service

On July 07, 2023, I filed the foregoing document, electronically with "ecf" for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2)

ORDER FOR PARTIAL DISMISSAL.

*Cheryl Y. Jernigan*
Cheryl Y. Jernigan Pro-Se
1443 MORRELL AVE
DALLAS, TEXAS 75203
(214) 557-4296
cyjern1026@gmail.com

Certified Mail #7022 3330 0001 5737 2784

CHARLES B. MCMILLAN
224 DOOLITTLE DR
CHAPIN, SC 20936