IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL Y. JERNIGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2580-N-BN |
| | § | |
| CHARLES B. MCMILLAN and | § | |
| YOUTUBE, INC., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this lawsuit referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief United States District Judge David C. Godbey, Plaintiff Cheryl Y. Jernigan filed a *pro se* complaint against Defendants Charles B. McMillan and YouTube, Inc., *see* Dkt. No. 4, which she later amended, *see* Dkt. No. 36. Jernigan then voluntarily dismissed her claims concerning YouTube with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* Dkt. No. 47.

Jernigan now moves the Court to enter a Copyright Infringement Order. *See* Dkt. No. 49. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons set out below, whether the Court construes this filing as a motion for leave to amend (to file a second amended complaint) under Federal Rule of Civil Procedure 15(a)(1) or a motion for leave to serve a supplemental pleading under Federal Rule of Civil Procedure 15(d), leave should be denied because Jernigan's filing fails to provide "factual content that allows the [C]ourt to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). So, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981). One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

"Under Rule 15(d), the court may permit a party to file a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir.1998) (citing FED. R. CIV. P. 15(d)). "While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide." *Id.* Instead, "Rule 15(d) is clear that the court *may* permit a supplemental pleading setting forth changed circumstances." *Id.*

Even so, "[j]udicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a)." *Tomasella v. Div. of Child*

*Support*, No. 3:20-cv-476-S-BH, 2021 WL 3710659, at *2 (N.D. Tex. Aug. 20, 2021) (citing *Hyde v. Hoffman-La Roche Inc.*, No. 3:04-cv-1473-B, 2008 WL 2923818, at *3 (N.D. Tex. July 30, 2008)). "These factors include … the futility of amendment." *Id.* (quoting *Schiller v. Phys. Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003))

And, regardless of whether Jernigan intends to amend or supplement, to determine if leave should be denied based on futility, the Court must "ask whether, in [her] proposed [filing, Jernigan] has pleaded 'factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Martinez*, 71 F.4th at 391 (quoting *Iqbal*, 556 U.S. at 678). And, if she has not, leave should be denied.

This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, where a proposed amendment or supplement provides "facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). On the other hand, "[a] claim has facial plausibility when the [proposed filing includes] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of

categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

Jernigan's proposed copyright infringement claims lack plausibility.

To ultimately "prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, at *2 (5th Cir. Oct. 8, 2021) (per curiam) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 549 (5th Cir. 2015)); *see also Adeyinka v. Demosend*, Civ. A. No. H-18-2542, 2019 WL 1493879, at *3 (S.D. Tex. Feb. 14, 2019) ("A copyright holder has the exclusive right to authorize the reproduction of his copyrighted work or, 'in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.' To establish a prima facie case of copyright infringement, a plaintiff must show: (1) that he owns a valid copyright in the work; and (2) that the defendant copied original elements of the work." (quoting 17 U.S.C. § 106(1),(6); citations omitted)), *rec. adopted*, 2019 WL 1493295 (S.D. Tex. Apr. 4, 2019).

So "[t]he first element of a copyright infringement claim is ownership of a valid copyright." *Cat & Dogma*, 2021 WL 4726593, at *2

> "Copyright ownership is shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities." *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994) (citing *Plains Cotton*

> *Coop. Ass'n v. Goodpasture Comput. Serv., Inc.*, 807 F.2d 1256, 1260 (5th Cir. 1987)). This includes copyright registration. *See* 17 U.S.C. § 410(c). "A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (per curiam).

*Id.*

Even insofar as Jernigan alleges ownership of the rights to the allegedly copyrighted material that was allegedly used on another's YouTube channel, this allegation is a legal conclusion not supported by plausible facts. Absent plausible facts to support this conclusion, Jernigan has not pled enough to allege a prima facie claim of copyright infringement and thus allow the Court to reasonably infer that the defendant is liable for this alleged misconduct. *Compare id.* ("Here, Dogma alleges its ownership of Copyright Registration VA 2-172-249 for The Design. We must accept all of Dogma's factual allegations as true and view such facts in the light most favorable to Dogma. Accordingly, we hold that Dogma adequately alleges ownership of a valid, registered copyright at the pleading stage." (citation omitted)), *with Adeyinka*, 2019 WL 1493879, at *3 ("Adeyinka alleges infringement by Demosend in 2016, for the song entitled 'tripping,' but he concedes that … he is still awaiting completion of a copyright for that title. Because Adeyinka does not allege that he has a valid copyright for this song, he does not state a claim for infringement against Demosend for its use, if any. Therefore, Adeyinka's allegation of infringement against Demosend should be dismissed for failure to state a claim." (citation omitted)).

In sum, absent facts to support an essential element of a copyright infringement claim, the claim is not plausibly alleged, and the proposed amendment

or supplement is futile. So leave should be denied.

## Recommendation

The Court should deny the Request for Copyright Infringement Order [Dkt. No. 49] construed as either a motion for leave to amend (to file a second amended complaint) under Federal Rule of Civil Procedure 15(a)(1) or a motion for leave to serve a supplemental pleading under Federal Rule of Civil Procedure 15(d).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 3, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE